UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELCOMETER, INC.,

                Plaintiff,

                                      Case No. 12-cv-14628

vs.                              HON. GERSHWIN A. DRAIN

TQC-USA, INC., *et al.*,

                Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (#21) AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

**I.       INTRODUCTION**

Plaintiff moves for alternate service upon Defendants, Paintmeter.com ("Paintmeter") and Robert Thoren.  Plaintiff claims that Defendants Thoren and Paintmeter have received copies of all the pleadings in this matter, but have evaded Plaintiff's diligent attempts to officially effect service of process through traditional means.

**II.    BACKGROUND**

On October 18, 2012, Plaintiff, the largest manufacturer and distributor of hand held coating thickness gauges and related testing equipment in the world, filed its Complaint against Defendants, TQC-USA, Inc. ("TQC"), Paintmeter and Thoren alleging that Defendants conduct a bait-and-switch scheme using Plaintiff's registered trademark ELCOMETER® to confuse consumers into purchasing Defendant TQC's competing products.  Plaintiff  alleges that Defendants lure consumers to the paintmeter.com website through prominent use of Plaintiff's trademark and false

representations that the site is for an authorized dealer of ELCOMETER® products. Defendant Thoren is the founder and director of Defendant Paintmeter and conducts the majority of Paintmeter's business.

Summonses were issued for Paintmeter and Thoren on October 19, 2012. Since their issuance, Plaintiff has diligently attempted to serve these Defendants through traditional methods of service: personal service and certified mail with return receipt requested. *See* Plf.'s Mot., Exs. B, C, F, H, I; *see also* Dkt. Nos. 6 and 7. The certified mail was returned without a valid signature from Paintmeter. *Id.* Personal service at the same addresses was also attempted to no avail. *Id.*, Exs. D and G. On November 20, 2012, Plaintiff's counsel requested waiver of service to Defendants via email. *Id.*, Ex. A. Counsel forwarded the Summons and Complaint to "sales@paintmeter.com," the email address Defendants use to conduct their business. Counsel did not receive a response to the email, however the email was not returned as undeliverable.

On December 20, 2012, Plaintiff filed a Motion for Preliminary Injunction requesting that the Court enjoin Defendants from using the ELCOMETER® trademark on any websites, including Paintmeter.com; ordering Defendants to immediately remove any references to Elcometer from its websites and to cease and desist representing that they are authorized dealers or distributors of ELCOMETER® products, and ordering Defendants to relinquish the domain name "www.paintmeter.com."

Prior to filing its Motion for Preliminary Injunction, counsel for Plaintiff contacted Defendant Thoren by telephone seeking concurrence in the relief sought by Plaintiff's Motion for Preliminary Injunction. Defendant Thoren advised counsel for Plaintiff that he would not remove the ELCOMETER® trademark or Elcometer's products from the paintmeter.com website and

indicated that Plaintiff has no available recourse since he lives in Panama.

On December 20, 2012, after filing its Motion for Preliminary Injunction, Plaintiff's counsel sent a copy of the Motion to Defendant Thoren at "sales@paintmeter.com." *See* Plf.'s Mot., Ex. A. That same day, Defendant Thoren responded to the email, claiming he had "never received any lawsuit" from Plaintiff's counsel and that he had not been served with a lawsuit. *Id*. Defendant Thoren concluded his email by stating, "Note, you are wasting your time and your client's money pursuing this matter. You will recover nothing from me, not one dime, mark my words." *Id*.

Plaintiff now moves for an Order permitting Plaintiff to serve Defendants Paintmeter and Thoren by email at the email address "sales@paintmeter.com." For the reasons that follow, the Court GRANTS Plaintiff's motion.

### III.   LAW & ANALYSIS

Rule 4(h)(2) of the Federal Rules of Civil Procedure authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. The subsection relevant here, Rule 4(f)(3), permits service in a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Thus, service under Rule 4(f)(3) is permissible if (1) directed by the Court; and (2) not prohibited by international agreement. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In concluding that Rule 4(f)(3) is neither a "last resort" nor warranted in only extraordinary circumstances, the *Rio Properties* court found:

> The advisory committee notes . . . bolster our analysis. Beyond stating that service ordered under Rule 4(f)(3) must comport with constitutional notions of due process and must not be prohibited by international agreement, the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means. Specifically, the advisory notes suggest that in cases of 'urgency,' Rule 4(f)(3) may allow the district court to order 'special

method of service,' even if other methods of service remain incomplete or unattempted. . . . [Rule 4(f)(3)] is merely one means among several which enables service of process on an international defendant.

*Id.* at 1015.  Here, Defendants Paintmeter and Thoren are located in Panama, which is a party to the Inter-American Convention on Letters Rogatory, a treaty which provides a method of service that is mutually recognized by both Panama and the United States.   The Inter-American Convention, unlike the Hague Convention, does not purport to provide the exclusive means of effecting service of process between the signatories.  *See C & F Systems, LLC v. Limpimax, S.A.*, No. 1:09-cv-858,  2010 WL 65200, *1 (W.D. Mich. Jan. 6, 2010).

Plaintiff requests that the Court permit service upon Defendants Paintmeter and Thoren via email, arguing that Defendants conduct their business on the internet and through email and this method of service is reasonably calculated to give Defendants notice of the suit and Motion for Preliminary Injunction.  Relying on Rule 4(f)(3), courts have authorized a variety of alternative methods of service, including, publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex and most recently, email.  *See Rio Properties*, 284 F.3d at 1016 ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."); *see also McCluskey v. Belford High School*, No. 2:09-14345, 2010 WL 2696599, *3 (E.D. Mich. June 24, 2010) (concluding that service via email was appropriate where the defendants conducted their business online and relied on an email address to conduct their business); *Chanel Inc. v. Song Xu*, No. 2:09-cv-02610, 2010 WL 396357, *4 (W.D. Tenn. Jan. 27, 2010); *Gaffigan v. Does 1-10*, 689 F.Supp. 2d 1332, 1342 (S.D. Fla. 2010) ("[I]n this case, email was the method of communication used by Defendants in confirming orders placed on its websites, and thus, email should be

4

calculated to provide Defendants with notice.")

Here, the Court finds that service of the Summons, Complaint and Motion for Preliminary Injunction via email is reasonably calculated to provide Defendants Paintmeter and Thoren notice of this action. Similar to the defendants in *McCluskey*, *Gaffigan*, and *Rio Properties*, the Defendants here conduct their business on the internet and through the email address "sales@paintmeter.com." On previous occasion, Plaintiff's counsel submitted emails to this email address seeking a waiver of service of process and Plaintiff's emails were not returned as undeliverable. Further, upon receiving counsel's email correspondence concerning Plaintiff's December 20, 2012 Motion for Preliminary Injunction, Defendant Thoren responded to counsel's email.

## IV.  **CONCLUSION**

As set forth above, plaintiff's motion for alternate service is hereby GRANTED. Plaintiff shall promptly serve a copy of all pleadings, as well as a copy of this Order, on Defendants Paintmeter and Thoren by email at the email address "sales@paintmeter.com" Once Plaintiff has completed service by email, Plaintiff SHALL file an affidavit with the Court reflecting compliance with this Order.

Further, a hearing on Plaintiff's Motion for Preliminary Injunction will be held on March 19, 2013 at 10:00 a.m. Defendants shall file a response to Plaintiff's Motion for Preliminary Injunction no later than March 8, 2013. Failure to respond to Plaintiff's Motion for Preliminary Injunction or answer the Complaint may result in sanctions, up to and including, entry of default judgment against the disobedient party.

SO ORDERED.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: February 14, 2013

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 14, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

6