UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELCOMETER, INC.,

          Plaintiff,

                                       Case No. 12-cv-14628
vs.                                 HON. GERSHWIN A. DRAIN

TQC-USA, INC., *et al.*,

          Defendants.

_____/

**ORDER DENYING DEFENDANT TQC-USA, INC.'S MOTION TO DISMISS [#8],
GRANTING PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF JOEL
BIALEK [#18] AND SETTING SCHEDULING DATES**

**I.     INTRODUCTION**

On October 18, 2012, Plaintiff, Elcometer, Inc. ("Elcometer"), filed the present trademark infringement action against Defendants, TQC-USA, Inc. ("TQC"), Paintmeter.com ("Paintmeter") and Robert Thoren. Elcometer alleges that Defendants conduct a bait-and-switch scheme using Plaintiff's registered trademark, ELCOMETER®, to confuse consumers into purchasing Defendant TQC's competing products.

Presently before the Court is TQC's Motion to Dismiss, filed on November 26, 2012, and Elcometer's Motion to Strike the Declaration of Joel Bialek, filed on January 9, 2013.  These matters are fully briefed and a hearing was held on March 19, 2013.  For the reasons that follow, the Court grants Elcometer's Motion to Strike the Declaration of Joel Bialek and denies TQC's Motion to Dismiss.

## II.    BACKGROUND

Elcometer has been a leader in the thickness-gauge industry since 1949. In 1947, it invented the first non-destructive paint gauges. Elcometer is responsible for creating novel technology used in non-destructive testing, including the Elcometer 255, 365, and 456.   Additionally, Elcometer is the largest manufacturer and distributor of handheld coating thickness gauges and related testing equipment in the world.  Since at least 1949, Elcometer has continuously used the trademark ELCOMETER® and is the owner of U.S. Trademark Registration No. 0852696 for the mark which is for "thickness gauges for measuring and checking surface coatings." Elcometer claims to have invested substantial time, effort and money in the promotion of its mark, as well as established goodwill in connection with the mark. Elcometer's mark is famous and widely known as being associated with Elcometer and distinguishes Elcometer products from other products.   Further, Elcometer's products are available directly from Elcometer or through Elcometer's authorized distributors.

DeFelsko Corporation ("DeFelsko") is a direct competitor of Elcometer in the industry for thickness gauges used in measuring surface coatings on automobiles and other surfaces.  TQC is an authorized distributor of DeFelsko products.  TQC's founder, Joel Bialek, is a former Elcometer employee and currently is employed with DeFelsko.  Defendants Paintmeter and Thoren, also a former Elcometer employee, are authorized dealers and distributors for TQC.  Defendants Thoren and Paintmeter work hand-in-hand with TQC to promote TQC and DeFelsko.

Defendants own and operate a website at www.paintmeter.com. Defendants have purchased the ELCOMETER® mark as a Google® adword.  As a result, a user that enters the search term Elcometer into the Google® search engine will see the following as the first sponsored link, which takes the user directly to the Paintmeter website:

**Elcometer Meters & Rentals | Paintmeter.com**
www.paintmeter.com/
Call 18009742492 We Sell PaintMeters & Rent Coating Inspection Equipment

Thus, customers and potential customers searching for Elcometer are directed to the Paintmeter website. Upon arriving at the Paintmeter website, a customer or potential customer will see a site that appears to be associated with or sponsored by Elcometer. Therefore, the Paintmeter website creates the false impression that Paintmeter is an authorized distributor of Elcometer products. Additionally, when potential customers call the numbers listed on the Paintmeter website, Thoren or other Paintmeter employees, falsely represent that they are affiliated with Elcometer. They also make false and disparaging statements about Elcometer products such as misrepresentations about the quality, reliability, and price of Elcometer's products, as well as Elcometer's reputation for truthfulness and fair dealing. Elcometer has contacted Thoren and asked that he cease using Elcometer's trademark and remove references to Elcometer's products from his website. He has refused.

Elcometer's Complaint alleges the following claims: Federal trademark infringement in violation of the Lanham Act, Count I; False advertising/unfair competition in violation of the Lanham Act, Count II; Common law trademark infringement and unfair competition, Count III; Contributory trademark infringement, Count IV; Product disparagement, Count V; Violation of the Michigan Consumer Protection Act, Count VI; Tortious interference with existing and prospective business relations, Count VII; and an accounting, Count VIII.

### III.   LAW & ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to

whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in

determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

**B.      TQC's Motion to Dismiss and Elcometer's Motion to Strike Declaration of Joel Bialek**

The gist of TQC's Motion to Dismiss is that Elcometer impermissibly lumps TQC together with Defendants Thoren and Paintmeter, as well as fails to establish an agency relationship between these defendants and Elcometer.   Notably, TQC does not otherwise attack the substance of Plaintiff's federal and state trademark infringement claims under the Lanham and Michigan Consumer Protection Acts.

Under Michigan agency law, "a corporation may be held liable for the authorized acts of another corporation acting as its agent." *Pfaffenberger v. Pavilion Restaurant Co.*, 352 Mich. 1, 6; 88 N.W.2d 488 (1958).   Here, Elcometer has sufficiently alleged an agency relationship. *See* Compl., ¶¶ 8, 10. Specifically, the Complaint alleges that Defendants TQC, Paintmeter and Thoren have each acted as an agent for the other and the acts complained of in the Complaint were committed within the scope of such agency.   In fact, TQC acknowledges in its Response that Paintmeter acts as a dealer for TQC and that TQC warehouses numerous rental units for Paintmeter and Thoren.   Further, TQC inexplicably argues that if any agency relationship exists, it is limited to only the distribution of thickness gauges.   On this argument alone, TQC's Motion to Dismiss fails since the allegations in the Complaint relate to, among other things, the distribution of thickness gauges.   Lastly, Elcometer alleges that TQC has knowledge of Paintmeter's and Thoren's

infringement by virtue of Bialek's prior employment with Elcometer, as well as alleges that TQC continues to supply it competing products to Paintmeter and Thoren, thereby encouraging and facilitating the infringement. Thus, Elcometer has sufficiently alleged an agency relationship rendering TQC liable for infringement.

TQC's attempt to establish that no agency relationship exists between TQC, Paintmeter and Thoren by attaching Joel Bialek's declaration to its Reply Brief cannot save its ill premised Motion to Dismiss. As an initial matter, it is improper for the Court to rely on the declaration at this stage in the proceedings as a district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997) ("Matters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss.") However, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* Additionally, even if it were appropriate for this Court to consider Mr. Bialek's declaration under Rule 12(b)(6), its consideration would nonetheless be inappropriate because TQC included it in its Reply brief, rather than in its Motion to Dismiss. Thus, Elcometer was prevented an opportunity to respond to this evidence. Accordingly, the Court GRANTS Elcometer's Motion to Strike the Declaration of Joel Bialek and will not consider the declaration in resolving TQC's Motion to Dismiss.

Furthermore, Elcometer has sufficiently stated federal and state common law trademark infringement claims. The Lanham Act provides that any person or entity who "uses in commerce" a registered trademark "in connection with the sale, offering for sale, distribution, or advertising

of any good or services" where the "use is likely to cause confusion, . . . . shall be liable in a civil

action" brought by the trademark owner. 15 U.S.C. § 1114(1)(a).  To state a plausible claim under

the Lanham Act, Elcometer "must allege facts establishing that: (1) it owns the registered

trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause

confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009).  Here, Elcometer alleges

that it has continuously used the trademark ELCOMETER®  and is the owner of U.S. Trademark

Registration No. 0852696 for the ELCOMETER® mark.   Further, Elcometer alleges that

Defendants use the ELCOMETER® mark as a Google® adword so that consumers and potential

consumers are directed to the Paintmeter website when conducting a search using the search term,

"Elcometer."  When consumers arrive at the Paintmeter website, they are deceived into believing

they are on a website of an authorized dealer or seller of ELCOMETER® products.

Contrary to TQC's assertions, "liability for trademark infringement can extend beyond those

who actually mislabel goods with the mark of another." *Johnson v. Jones*, 885 F. Supp. 1008, 1016

(E.D. Mich. 1995).  The United Supreme Court has held that:

> Even if a manufacturer does not directly control others in the chain of distribution,
> it can be held responsible for their infringing activities under certain circumstances.
> Thus, if a manufacturer or distributor intentionally induces another to infringe a
> trademark, or if it continues to supply its product to one whom it knows or has
> reason to know is engaging in trademark infringement, the manufacturer or
> distributor is contributorily responsible for any harm done as result of the deceit.

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 853-54 (1982).  The Complaint

makes precisely these allegations. Compl., ¶¶ 66-72. The Court further notes that at the hearing on

this matter, Elcometer produced evidence, dated March 19, 2013, suggesting that TQC continues

to supply its products using Paintmeter and Thoren, despite TQC's knowledge, both before and

after the filing of the instant action, of Paintmeter's infringement of Elcometer's mark.

Additionally, to state a claim for false advertising and/or unfair competition under the Lanham Act, Plaintiff must allege that: (1) Defendants made false or misleading representations of the nature, characteristics, or qualities of plaintiffs' services; (2) that defendants used the false or misleading representations "in commerce," or in connection with any services; (3) that defendants made the false or misleading representations in the context of commercial advertising or commercial promotion; and (4) that defendants' actions made plaintiffs believe that they were likely to suffer damages by such false or misleading factual representations. *National Artists Mgmt Co., Inc. v. Weaving*, 769 F. Supp. 1224, 1230 (S.D.N.Y. 1991).

It is unclear why TQC argues that Plaintiff's claims of false advertising and unfair competition under the Lanham Act are subject to heightened pleading requirements similar to Rule 9(b)'s heightened pleading standards. TQC fails to provide the Court with any controlling authority from this Circuit applying the particularity standards of Rule 9(b) to allegations of false advertising or unfair competition. This is because this is not the law. This Court has previously recognized that, "Rule [9(b)] provides that fraud claims must be pleaded with particularity, but it makes no mention of false advertising claims." *Dow Corning Corp. v. Jie Xiao*, No. 11-10008, 2011 WL 2015517, at *9 n.2 (E.D. Mich. May 20, 2011 (noting that defendants failed to identify a Sixth Circuit case requiring a heightened pleading standard for such claims). Elcometer's allegations sufficiently plead a false advertising/unfair competition claim under the Lanham Act. Elcometer claims that Paintmeter, through Thoren or his employees, makes disparaging remarks about the quality, reliability, and price of Elcometer's products in order to induce consumers into purchasing the products of Elcometer's competitor, TQC.

Lastly, "the MCPA prohibits 'unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce. *Lorillard Tobacco Co. v. Van Dyke Liquor Mkt.,*

- 8 -

*Inc.*, 471 Mich. F.Supp. 2d 822 (E.D. Mich. 2007)(citing MICH. COMP. LAWS § 445.903(1)).  The

Lanham Act and Michigan state law claims for unfair competition are both governed by the same

standards.  *Id.* at 832. Thus, since Elcometer has stated plausible federal trademark infringement

claims, its state trademark infringement claims likewise withstand Rule 12(b)(6) attack.

**IV.**     **CONCLUSION**

Accordingly, for the foregoing reasons, IT IS ORDERED that TQC's Motion to Dismiss

[#8] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Declaration of Joel Bialek

[#18] is GRANTED.

IT IS FURTHER ORDERED that the following dates shall govern in this matter:

| Witness Lists Filed By: | August 26, 2013 |
|---|---|
| Discovery Cutoff: | October 7, 2013 |
| Dispositive Motion Cutoff: | November 4, 2013 |
| Case Evaluation:[1] | October of 2013 |
| Settlement Conference before Magistrate Judge Paul J. Komives: | January of 2014 |
| Motions *in Limine* due: | January 6, 2014 |
| Final Pretrial Order due: | February 4, 2014 |
| Final Pretrial Conference: | February 11, 2014 at 2:00 p.m. |
| Trial Date: | February 25, 2014 at 9:00 a.m. |
| Jury Demand | |

---

[1] The parties may submit the case to facilitation in lieu of case evaluation.  A proposed stipulated order referring the case to facilitation shall be submitted to the Court via the utilities function on CM/ECF no later than August 26, 2013.  The proposed order must identify the facilitator and the date set for facilitation.  Facilitation must occur no later than October 31, 2013.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2013

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 9, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

-10-