UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELCOMETER, INC., a
Michigan corporation,

         Plaintiff,

v.

TQC-USA, Inc., a Michigan corporation,
PAINTMETER.COM, a foreign corporation,
and ROBERT THOREN, an individual.

         Defendants.
_____/

Case No.  4:12-cv-14628

Hon. Gershwin A. Drain

| MILLER, CANFIELD, PADDOCK and STONE, P.L.C. | GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C. |
|---|---|
| A. Michael Palizzi (P47262) | Attorneys for Defendant TQC-USA, Inc. |
| Joseph G. Vernon (P68951) | Thomas E. Anderson (P32564) |
| Attorneys for Plaintiff | Erin Morgan Klug (P73361) |
| 150 West Jefferson Ave., Suite 2500 | 2701 Troy Center Dr., Suite 330 |
| Detroit, MI 48226 | Troy, MI 48007-7021 |
| Telephone: (313) 963-6420 | litigation@patlaw.com |
| Fax: (313) 496-8453 | (248) 647-6000 |
| palizzi@millercanfield.com | |
| vernon@millercanfield.com | |

_____/

## **STIPULATED ORDER GRANTING PERMANENT INJUNCTION**

This matter having come before the Court on the stipulation of Plaintiff Elcometer, Inc. ("Plaintiff"),  Defendant TQC-USA, Inc. ("TQC"), and Joel Bialek, by and through the undersigned counsel, the Court having reviewed the filings in this matter, and the Court otherwise being fully apprised of the premises, this Court finds:

1

1. Elcometer filed this action, alleging causes of action against TQC, Paintmeter.com ("Paintmeter"), and Robert Thoren ("Thoren") for trademark infringement, false advertising, unfair competition, contributory trademark infringement, violations of the Michigan Consumer Protection Act, and tortious interference with existing and prospective business relations.

2. On April 8, 2014, the Court issued its Amended Order Granting Plaintiff's Motion for Entry of Default Judgment [Doc. # 85] against Defendants Paintmeter and Thoren in the amount of $1,347,459, which included a permanent injunction against Paintmeter and Thoren. The findings set forth in Doc. # 85 are incorporated into this Order.

3. Elcometer has suffered irreparable injury.

4. Elcometer has no adequate remedy at law. The harm caused by the facts set forth in the complaint is not fully compensable through money damages and constitutes irreparable harm.

5. Considering the balance of hardships between the parties, a permanent injunction is warranted.

6. A permanent injunction will serve the public interest by preventing potential consumer confusion in the market place.

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

    a. TQC, its owners, officers, directors, members, employees, and agents, including without limitation Mr. Joel Bialek, are permanently enjoined from using or displaying the Elcometer® trademark, or any mark confusingly similar to the Elcometer® trademark.

    b. Mr. Joel Bialek, either directly or indirectly, including through any entity that he owns or controls, is hereby permanently enjoined from using or displaying the Elcometer® trademark, or any mark confusingly similar to the Elcometer® trademark.

    c. TQC, its owners, officers, directors, members, employees, and agents, including without limitation Mr. Joel Bialek, are hereby permanently enjoined from making any statement, suggestion, or representation that they are authorized dealers or distributors of Elcometer's products, or presently affiliated in any way with Elcometer.

    d. Mr. Joel Bialek, either directly or indirectly, including through any entity that he owns or controls, is hereby

permanently enjoined from making any statement, suggestion, or representation that they are authorized dealers or distributors of Elcometer's products, or presently affiliated in any way with Elcometer.

e. TQC, its owners, officers, directors, members, employees, and agents, including without limitation Mr. Joel Bialek, are hereby permanently enjoined from conducting any business whatsoever with Mr. Thoren, Paintmeter, or any other business that Thoren owns, controls or with which Mr. Thoren actively participates;

f. Mr. Joel Bialek, either directly or indirectly, including through any entity that he owns or controls, is hereby permanently enjoined from doing any business with Mr. Thoren, Paintmeter, or any other business that Thoren owns or with which Mr. Thoren actively participates;

g. TQC, its owners, officers, directors, members, employees, and agents, including without limitation Mr. Joel Bialek are permanently enjoined from making any false statements about Elcometer, its products, or its employees.

      h. Mr. Joel Bialek, either directly or indirectly, including through any entity that he owns or controls, is hereby permanently enjoined from making any false statements about Elcometer, its products, or its employees.

IT IS FURTHER ORDERED that no bond is required for the reason that Defendant will suffer no pecuniary loss or damage by reasons hereof.

IT IS SO ORDERED.

        /s/Gershwin A Drain
        U.S. District Court Judge

Entered this 2nd Day of July, 2014

Stipulated to by:

| | |
|---|---|
| /s/ Joseph G. Vernon | /s/Erin Morgan Klug (with permission) |
| A. Michael Palizzi (P47262) | Thomas E. Anderson (P32564) |
| Joseph G. Vernon (P6891) | Erin Morgan Klug (P73361) |
| MILLER, CANFIELD, PADDOCK and STONE, P.L.C. | GIFFORD, KRASS, SPRINKLE, ANDERSON & CITKOWSKI, P.C. |
| 150 West Jefferson Ave., Suite 2500 | 2701 Troy Center Dr., Suite 330 |
| Detroit, MI 48226 | Troy, MI 48007-7021 |
| Telephone: (313) 963-6420 | litigation@patlaw.com |
| Fax: (313) 496-8453 | (248) 647-6000 |
| *Attorneys for Elcometer, Inc.* | *Attorneys for TQC-USA, Inc. and Mr. Joel Bialek* |

22467076.1\026273-00009